IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHNNY LEE BROWN**                                                                                   **PLAINTIFF**

vs.                                                                    **CIVIL ACTION No.: 3:19-CV-33-HTW-LGI**

**MIKE LEE, in his individual and
official capacities as SHERIFF OF
SCOTT COUNTY, MISSISSIPPI** *et al*                                          **DEFENDANTS**

## ORDER

BEFORE THIS COURT is the Motion to Dismiss **[Docket no. 22]** filed by defendant. By his motion defendant asks this court to dismiss the complaint against him, for any one (1) or all of three (3) reasons: he was not served within the required timeframe; the statutes of limitations have run; and plaintiff's complaint does not state a claim under the Racketeer Influenced and Corrupt Organizations Act against him. Defendant cites certain Federal Rules of Civil Procedure for authority: Rule 4(m)[1]; Rule 12(b)(4)[2]; Rule 12(b)(5)[3]; and Rule 12(b)(6)[4]. The plaintiff opposes the motion and its particulars.

---

[1] (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).
Fed. R. Civ. P. 4

[2] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: […]
    (4) insufficient process;
Fed. R. Civ. P. 12

[3] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: […]
    (5) insufficient service of process;
Fed. R. Civ. P. 12

[4] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: […]
    (6) failure to state a claim upon which relief can be granted; and
Fed. R. Civ. P. 12

I.   **BACKGROUND FACTS**

The relevant parties herein are: Plaintiff Johnny Lee Brown (hereinafter referred to as "Brown" or "plaintiff"); and Defendant Maury Walley (hereinafter referred to as "Walley" or "defendant"). Brown is suing Walley under the auspices of Title 42 U.S.C. § 1983[5] and the Racketeer Influenced and Corrupt Organizations Act[6] (hereinafter referred to as "RICO"). Plaintiff accuses Walley, a bail bondsman, of pressuring him to voluntarily dismiss the lawsuit *sub judice* and to fire his attorney.

His complaint charges the following misconduct:

> After Plaintiff bonded out on the charges, he subsequently appeared in court no less than three time[s] as the case moved forward on the docket. Nonetheless, the harassment continued. Plaintiff eventually was forced to move out of his home and move in with his sister, who was also harassed by Defendant [Coty May, a Scott County, Mississippi Deputy Sheriff]. Defendant Walley Bonding has been a co-conspirator and has harassed Plaintiff's family members, encouraging them to dismiss this lawsuit and fire his "lawyer from Jackson" so as to make Plaintiff's life easier. This is lawlessness.

[Docket no. 1, P. 19, ⁋ 63]. Walley and approximately eighteen (18) other defendants are named in this lawsuit. This court has dismissed a number of them from this litigation.

II.   **SERVICE OF PROCESS**

Walley first takes umbrage with plaintiff's service of process upon him. Plaintiff filed his lawsuit in this federal forum on January 14, 2019, after having voluntarily dismissed his original complaint without prejudice on the same date. *See Brown v. Lee* et al, 3:15-CV-686-HTW-LRA

---

[5] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
42 U.S.C.A. § 1983 (West)

[6] RICO is codified at Title 18 U.S.C. §§1961 *et seq*.

2

[Docket no. 120]. Walley was not named as a defendant in the original iteration of this lawsuit and was first identified when plaintiff filed his complaint in the instant action. The court issued summons as to Walley, among other defendants who had not waived service of process, on March 13, 2019.

On June 11, 2019, plaintiff's counsel filed his Motion for Extension of Time to Serve Process on "New Defendants"[7] and Coty May [Docket no. 13] because a part-time paralegal in counsel's office, who had since terminated the employment relationship, had, he believed, failed to have process served. This court granted that motion on June 19, 2019. Plaintiff later filed his proof of service of process on October 17, 2019, which reflects that Walley was served back on June 4, 2019.

---

[7] The lawsuit *sub judice* is the second iteration of essentially the same basic factual basis, the first lawsuit was *Johnny Lee Brown v. Sheriff Mike Lee* et al, 3:15-cv-686-HTW-LRA. In that lawsuit, the parties had conducted significant pretrial practice and plaintiff amended his complaint four (4) times. Plaintiff, in the former lawsuit, sought and obtained permission to amend his complaint for a fifth time. After he had filed his fifth amended complaint, the parties in that lawsuit agreed to dismiss that lawsuit without prejudice on January 14, 2019.

The alleged purpose of dismissing that lawsuit was to clarify the complaint and to add the following "new defendants": Will Jones, Chief of the Forest, Mississippi, Police Department; the City of Forest, Mississippi Police Department; R.J. Bell, Police Officer for the Forest, Mississippi, Police Department; Tim Rigby, Police Officer for the Forest, Mississippi, Police Department; Sheriff Jackie Knight, of the Newton County, Mississippi Sheriff's Office; Steven Kilgore, District Attorney for the Eighth Judicial District of Mississippi; the Honorable Mark Duncan, Circuit Court Judge for the Eighth Judicial District of Mississippi; the Honorable Christopher Collins, Circuit Court Judge for the Eighth Judicial District of Mississippi; the Honorable Vernon Cotten, Circuit Court Judge for the Eighth Judicial District of Mississippi; the Honorable Bill Freeman, Justice Court Judge for the Eighth Judicial District of Mississippi; the Honorable J. Norman Brown, Municipal Court Judge for the City of Forest, Mississippi; and Maurey Walley.

According to Walley, the time to serve him ran on April 29, 2019 (90 days)[8] or, in the alternative, on May 29, 2019 (120 days)[9]. Rule 4(m) of the Federal Rules of Civil Procedure gives this court discretion to take one (1) of two (2) actions where the complaint has not been served within the required timeframe: dismiss the complaint against that defendant without prejudice; or order that service be effectuated within a time certain. The court, however, must extend the time for service if the plaintiff shows good cause for his/her/its failure to effect service in the required timeframe. *See* Fed. R. Civ. P. 4(m). This court already has found that plaintiff had good cause, therefore, Walley's motion on this basis must be denied. *See* [Text Only Order dated 6/19/2019].

This court also notes that Walley failed to file his Motion to Dismiss within the timeframe required; he was served on June 4, 2019, and acknowledges that he was so served. The summons informed him that his answer was due on June 25, 2019. Walley failed to file an answer to date and, moreover, while a defendant may file a motion to dismiss in lieu of an answer, he did not file such until July 23, 2019. This court finds it interesting that Walley is complaining of plaintiff's filing out of time when he, himself, is culpable for such.

---

[8] Rule 4(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4: this is the current Rule 4(m) and it was effective December 1, 2015. In his argument, Walley submits both the old and current Rule 4(m). Above is the current rule and below in footnote 9 is the former Rule 4(m). This court is not sure why Walley chose to present both versions of Rule 4(m).

[9] "Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996). If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. *Id*."

*Millan v. USAA Gen. Indem. Co*., 546 F.3d 321, 325 (5th Cir. 2008).

The case law cited by plaintiff here, by plaintiff's own admission, cites an earlier rule which had been amended in the 2015 Amendment to Rule 4 by shortening the time for service from 120 days to 90 days.

### III.     STATUTES OF LIMITATIONS

Plaintiff's complaint asserts the following causes of action against Walley: civil rights violation under Title 42 U.S.C. § 1983; suppression of First Amendment rights; deprivation of right to counsel; violation of plaintiff's right to equal protection under the law; conspiracy to deprive constitutional rights under Title 42 U.S.C. § 1983; failure to intervene under Title 42 U.S.C. §§ 1983, 1985, and 1986; conspiracy to deprive constitutional rights under Title 42 U.S.C. § 1985; Mississippi's tort of intentional infliction of emotional distress; and RICO violations. It is unclear from a reading of plaintiff's complaint which causes of action plaintiff intends to apply to Walley. Plaintiff included the same general allegations from his complaint in his RICO statement. This court will discuss the viability of the merits of plaintiff's RICO claim below.

In states that have more than one statute of limitation for personal injury actions, § 1983 actions are governed by the residual or general personal injury statute of limitations. *See James v. Saddler*, 909 F.2d 834, 836 (5th Cir. 199); *Bernegger v. Department of Revenue*, 785 Fed.App'x 209 (5th Cir. 2019). Under Mississippi jurisprudence, Miss. Code § 15-1-49 governs general personal injury actions and mandates that: "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." "[A] cause of action under section 1983 accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 893 (5th Cir. 2005) (Quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992)). Fifth Circuit jurisprudence.

In malicious prosecution cases, the United States Court of Appeals for the Fifth Circuit has explained:

> We have held that the statute of limitations does not begin running on section 1983 prosecution claims until proceedings have terminated in the plaintiff's favor. *See*

5

> *Eugene v. Alief Independent Sch. Dist.*, 65 F.3d 1299, 1306 (5th Cir.1995); *see also Castellano v. Fragozo*, 352 F.3d 939, 959 (5th Cir.2003) (en banc) (reaffirming the rule that claims of "constitutional deprivations suffered in a state court prosecution" do not accrue until "criminal proceeding[s] terminate in [the plaintiff's] favor"). Additionally, we have held that when false arrest claims are brought in conjunction with such claims, the false arrest claims are "essentially part" of the prosecution claims and therefore accrue at the same time. *See Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir.1995).

*Price* at 894.

The parties have not provided this court with evidence to indicate when, or if, the criminal proceedings against plaintiff have been finalized and, if so, whether those proceedings were concluded in favor of plaintiff. Accordingly, this court must deny Walley's motion to dismiss on this ground (statute of limitations) without prejudice. Walley may reassert his motion with the proper evidentiary support.

## IV.   RICO CLAIM

Walley finally asserts, seemingly under Fed. R. Civ. P. Rule 12 (b)(6), that plaintiff has failed to state a claim against him under RICO. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the United States Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

6

U.S. at 555). A complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted).

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . . [C]ourts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Travelers Indem. Co. v. Forrest Cty.*, 164 F. Supp. 3d 899, 902 (S.D. Miss. 2016).

According to Walley, plaintiff made "vague and conclusory allegations" against him in his RICO Statement mandated by Local Rule 83.8. This court now quotes plaintiff's allegations against Walley in his RICO Statement:

> L.R. 83.8(b)(2) […] Defendant 19—Walley is a bail bondsman doing business as Walley Bail Bonding, although not registered with the Mississippi Secretary of State, and who posted bond for Defendant. He is a culpable person who willingly and/or knowingly commits and/or conspires to the commission of racketeering activity through a pattern involving a separate enterprise and/or association in fact which had an effect on foreign commerce and which injured Plaintiff by reason of his violations of 18 U.S.C. § 1962 (b), (c), and (d). […]
>
> L.R. 83.8(b)(5) […] Defendant Walley Bonding has been a co-conspirator and has harassed Plaintiff's family members, encouraging them to dismiss this lawsuit and fire his "lawyer from Jackson" so as to make Plaintiff's life easier. This is lawlessness. […]
>
> L.R. 83.8(b)(6)(A) State the names of the individuals, partnerships, corporations, associations, or other legal entities which allegedly constitute the enterprise.
>
> Defendants Lee, Gregory, Stewart, May, Townsend, Wolf, Earl, Harrison, Jones, Bell, Rigby, Knight, Kilgore, Duncan, Collins, Cotten, Brown, Freeman, Walley Bonding, and John Does 1-10 are the joint participants in the racketeering

> enterprise, denoted here as "the Brotherhood of the Eighth Judicial District of Mississippi's Legal Apparatus" or "the Brotherhood." […]
>
> L.R. 83.8(b)(13)(A): State who is employed by or associated with the enterprise.
>
> Defendants Lee, Gregory, Stewart, May, Townsend, Wolf, Earl, Harrison, Jones, Bell, Rigby, Knight, Kilgore, Duncan, Collins, Cotten, Brown, Freeman, and Walley Bonding are each associated with the enterprise, although none are formally "employed" by it since it is an association in fact. […]

[Docket no. 3]. Plaintiff claims such language is enough to survive a Rule 12(b)(6) challenge to his RICO claims against Walley.

In order to survive a Fed. R. Civ. P. 12 (b)(6) challenge to his RICO counts, plaintiff must allege sufficient facts to prove:

> Under all [three substantive] subsections, to state a RICO claim, there must be: "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir.1988). Assuming that the three elements of a RICO person, a pattern of racketeering activity, and a RICO enterprise are met, we may then continue to the substantive requirements of each respective subsection.

*St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000).

This court finds that plaintiff's complaint and RICO statement offer this court nothing but "labels and conclusions, and a formulaic recitation of the elements of a cause of action" of the kind that the United States Supreme Court rejected under the *Iqbal-Twombly* framework. Accordingly, this court must grant Walley's motion to dismiss on this ground. This court, in obeisance to Fifth Circuit jurisprudence, will allow plaintiff fourteen (14) days to file an amended RICO Statement so that plaintiff may clarify such issues. *See Hart v. BayerCorp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").

## V. CONCLUSION

This court found above that plaintiff had served Walley in accordance with the rules governing Federal civil actions and denied Walley's motion to dismiss on that ground. Similarly, this court denied Walley's assertion that the statutes of limitations had run because the court lacked sufficient information to decide the issue. Finally, this court granted Walley's motion to dismiss the RICO counts of plaintiff's complaint, but granted plaintiff fourteen (14) days to amend his RICO Statement to clarify the RICO counts against Walley.

**IT IS, THEREFORE, ORDERED that Walley's Motion to Dismiss [Docket no. 22] is hereby GRANTED IN PART and DENIED IN PART as enumerated above.**

**SO ORDERED this the 31st day of March, 2021.**

                                        **s/ HENRY T. WINGATE**
                                        **UNITED STATES DISTRICT COURT JUDGE**