IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHNNY LEE BROWN**  PLAINTIFF

vs.  CIVIL ACTION No.: 3:19-CV-33-HTW-LGI

**MIKE LEE, in his individual and
official capacity as SHERIFF OF
SCOTT COUNTY, MISSISSIPPI,** *et al*  DEFENDANTS

## ORDER

BEFORE THIS COURT are the following interrelated motions: plaintiff's Motion to Strike Defendants' Motion for Judgment on the Pleadings **[Docket no. 57]**; and plaintiff's Motion for Extension of Time to Respond or for Stay Pending Plaintiff's Motion to Strike **[Docket no. 58]**.

### I.  PROCEDURAL HISTORY

Plaintiff filed his lawsuit *pro se* originally in this federal forum on September 23, 2015, and the United States District Court Clerk assigned it Civil Action Number 3:15-cv-686-HTW-LRA.[1]

Plaintiff retained Bradley Clanton to represent him after he had filed his lawsuit. Attorney Clanton entered his notice of appearance on December 2, 2015. Plaintiff next filed his First Amended Complaint on December 7, 2015, before any defendants had been served with process.[2]

---

[1] Plaintiff's *pro se* complaint names the following defendants: Sheriff Mike Lee, Scott County, Mississippi Sheriff's Office; Chief Deputy Sheriff Richard Gregory, Scott County, Mississippi Sheriff's Office; Lieutenant Charges Coleman, Mississippi State Troopers; Detective Jody Stewart, Scott County, Mississippi Sheriff's Office; Deputy Coty May, Scott County, Mississippi Sheriff's Office; Deputy Michael Townsend, Scott County, Mississippi Sheriff's Office; Deputy Hunter Wolf, Scott County, Mississippi Sheriff's Office; Trooper L. Harrison, Mississippi State Troopers; Captain Michael Sanders, Mississippi State Troopers; and Nurse Anna Earl of the Scott County, Mississippi Jail. Plaintiff's complaint alleges the following causes of action: illegal search and seizure; excessive force; illegal arrest; false imprisonment; deliberate interference with medical care; mental and emotional distress; and gross negligence.

[2] Plaintiff's first amended complaint reduced the number of defendants to the following: Sheriff Mike Lee, Scott County, Mississippi Sheriff's Office; Chief Deputy Sheriff Richard Gregory, Scott County, Mississippi Sheriff's Office; Detective Jody Stewart, Scott County, Mississippi Sheriff's Office; Deputy Coty May, Scott County, Mississippi Sheriff's Office; Deputy Michael Townsend, Scott County, Mississippi Sheriff's Office; Deputy Hunter Wolf, Scott County, Mississippi Sheriff's Office; Trooper L. Harrison, Mississippi State Troopers; and Nurse Anna

The filing of this First Amended Complaint back on December 7, 2015, began a series of amended complaints permitted by United States Magistrate Judge Linda R. Anderson, who was quite familiar with the plaintiff and his need for amendment.

Plaintiff filed his Second Amended Complaint on January 25, 2016. He still had not served process on defendants.[3] Defendants answered the Second Amended Complaint on February 11, 2016, raising qualified immunity as an affirmative defense.

United States Magistrate Judge Linda R. Anderson held a Rule 16 Scheduling Conference on March 25, 2016. During the course of that proceeding, the parties agreed to, and the court ordered, a stay of all non-qualified immunity discovery.

Plaintiff filed his Third Amended Complaint on April 15, 2016, after United States Magistrate Judge Anderson had held the Rule 16 Scheduling Conference.[4]

Defendants filed a motion to stay the lawsuit pending a resolution of plaintiff's underlying criminal charges pursuant to *Wallace v. Kato*[5], 549 U.S. 384, 393 (2007) and *Heck v. Humphrey*[6], 512 U.S. 477 (1994). This court stayed the instant lawsuit on July 28, 2016.

On February 13, 2017, plaintiff filed a Motion to Lift Stay and File Fourth Amended Complaint. On the same day, February 13, 2017, plaintiff entered a Notice of Stipulation of

---

Earl of the Scott County, Mississippi Jail. Plaintiff's first amended complaint lists the following federal causes of action: 42 U.S.C § 1983 - unlawful search and seizure; 42 U.S.C § 1983 – deprivation of liberty without due process; 42 U.S.C § 1983 – deprivation of property without due process; 42 U.S.C § 1983 – excessive force; 42 U.S.C § 1983 – false arrest; 42 U.S.C § 1983 – taking of property without just compensation; Fifth Amendment Denial of Due Process; First Amendment Suppression of Free Speech; Eighth Amendment Cruel and Unusual Punishment; and a *Monell* claim. His complaint also lists the following Mississippi state law causes of action: assault and battery; and intentional infliction of emotional distress.

[3] Plaintiff's Second Amended Complaint modifies some language but does not add any parties or causes of action.

[4] Plaintiff's Third Amended Complaint adding the following defendants: City of Forest, Mississippi Police Department; Officer R. J. Bell, Forest Police Department; Officer Tim Rigby, Forest Police Department; and Chief Will Jones, Chief of the Forest Police Department. He also added three (3) causes of action for a violation of the federal Racketeer Influenced Corrupt Organization (hereinafter referred to as "RICO") statute.

[5] "[I]t is 'in accord with common practice [for trial courts] to stay [a] civil action until the criminal case or the likelihood of a criminal case [ha]s ended.'"

[6] A plaintiff may not undermine the validity of a criminal conviction through a civil suit under 42 U.S.C. § 1983.

Dismissal in which he dismissed all claims against all City of Forest, Mississippi defendants and all RICO claims against all defendants. Magistrate Judge Anderson granted plaintiff's motion to lift stay and allowed him to file his fourth amended complaint on March 2, 2017. Plaintiff filed his Fourth Amended Complaint on the same date, March 2, 2017.[7]

After almost three and a half years of litigation, plaintiff sought to amend his complaint a fifth time, which Magistrate Judge Anderson granted on April 12, 2018. Judge Anderson allowed plaintiff until April 26, 2018 to file his Fifth Amended Complaint, which he finally filed on May 7, 2018.[8] Judge Anderson, upon the motion of the defendants, struck the Fifth Amended Complaint on June 6, 2018.

Plaintiff filed a Notice of Voluntary dismissal on January 14, 2019, dismissing Civil Action Number 3:15-cv-686-HTW-LRA.

On the same date, January 14, 2019, plaintiff filed the complaint in the lawsuit *sub judice*.[9]

---

[7] Plaintiff's Fourth Amended Complaint reflected the dismissal of all City of Forest, Mississippi defendants and all RICO claims against all defendants.

[8] Plaintiff's Fifth Amended Complaint added claims for injunctive relief, enjoining Mississippi state court criminal proceedings against the plaintiff. The Fifth Amended Complaint also added the following defendants: the Office of the District Attorney of the Eighth District of Mississippi; and the Forest City, Mississippi Police Department.

[9] Plaintiff's current complaint names the following defendants: Scott County Mississippi Sheriff Mike Lee; Deputy Coty May; Deputy Michael Townsend; Deputy Richard Gregory; Deputy Jody Stewart; Deputy Hunter Wolf; Nurse Anna Earl; Mississippi State Trooper Joshua Harrison; Forest, Mississippi Police Chief Will Jones; Officer R. J. Bell; Officer Tim Rigby; Newton County Sheriff Jackie Knight; District Attorney Steven Kilgore; Mississippi Eighth Judicial Circuit Court Judge Mark Duncan; Eighth Judicial Circuit Court Judge Christopher Collins; Eighth Judicial Circuit Court Judge Vernon Cotten; Eighth Judicial Justice Court Judge J. Norman Brown; and Maury Walley. Plaintiff has asserted the following causes of action: violations of Title 42 U.S.C. §§ 1983, 1981, 1985, and 1986; violations of the First, Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution; RICO violations; and Mississippi state law claims of assault, battery, and intentional infliction of emotional distress.

## II. ANALYSIS

### a. *Motion to Strike* [Docket no. 57]

Plaintiff asks this court for an order striking defendants' motion for judgment on the pleadings because, he says, defendants waived any right to raise such a motion at this late stage. Defendants respond that plaintiff has failed to cite any authority for his request.

Under the authority of Rule 12(f) of the Federal Rules of Civil Procedure this court, either on motion or *sua sponte*, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike defenses are disfavored in the Fifth Circuit and infrequently granted. *See E.E.O.C. v. LHC Group Inc.*, 2012 WL 3242168, at *1 (S.D. Miss. 2012)(citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Augustus v. Bd. of Public Instruc. of Escambia Cnty., Fl.*, 306 F. 2d 862, 868 (5th Cir. 1962); *Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."). "Generally, motions to strike are viewed with disfavor, as a potentially dilatory tactic." *Puckett v. U.S.*, 82 F. Supp. 2d 660, 662–63 (S.D. Tex. 1999)(citing Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1380, at 647). "[M]otions to strike pleadings generally should not be granted absent a showing of prejudice to the moving party." *Conn v. U.S.*, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011)(citing *Augustus*, 306 F.2d at 868); *Mullins v. Chevron Oil Co.*, 344 F. Supp. 1063, 1067 (E.D. La. 1972)).

Plaintiff failed to distinguish the above cited jurisprudence. Similarly, plaintiff failed to establish why defendants' motion for judgment on the pleadings is "an insufficient defense" or is

4

"redundant, immaterial, impertinent or [a] scandalous matter." This court is persuaded that plaintiff's motion to strike is not well-taken and should be denied.

      **b.** *Motion for Extension of Time or for Stay* [Docket no. 58]

The court, having ruled on plaintiff's motion to strike **[Docket no. 57]** *supra*, finds plaintiff's Motion for Extension of Time to Respond or for Stay Pending Plaintiff's Motion to Strike [Docket no. 58] should be granted in part. Plaintiff has had almost a year to formulate a response to defendants' motion for judgment on the pleadings. Accordingly, this court hereby finds his request for an extension of time to file a response is appropriate, although a truncated time for him to file his response is also appropriate. Plaintiff's request for a stay pending a ruling on his motion to strike is rendered moot by this order and should be denied.

    **III.**   **CONCLUSION**

IT IS, THEREFORE, ORDERED that plaintiff's Motion to Strike Defendants' Motion for Judgment on the Pleadings [Docket no. 57] is hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's Motion for Extension of Time to Respond or for Stay Pending Plaintiff's Motion to Strike [Docket no. 58] is hereby GRANTED IN PART and DENIED IN PART.

IT IS FINALLY ORDERED that plaintiff must file his response in opposition to defendants' Motion for Judgment on the Pleadings within five (5) days of the entry of this order.

SO ORDERED this the 31st day of March, 2021.

                                                **s/ HENRY T. WINGATE**
                                                **UNITED STATES DISTRICT COURT JUDGE**